UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ELLEN MAY MORGAN,

   *Petitioner*,

v.

UNITED STATES OF AMERICA,

   *Respondent*.

            /

CRIMINAL CASE NO. 13-CR-20464
CIVIL CASE NO. 16-CV-13047

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE AND RESPONDENT'S MOTION
TO DISMISS THE MOTION TO VACATE**
(Docs. 50, 60)

## I. RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that Petitioner's motion to vacate (Doc. 50) be **DENIED**; and that Respondent's Motion to dismiss (Doc. 60) be **GRANTED**; and that the civil case be **DISMISSED**.

## II. REPORT

### A. Introduction

On August 22, 2016, Petitioner Ellen Morgan's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 was filed. (Doc. 50.) On September 1, 2016, United States District Judge Thomas L. Ludington referred this matter to the undersigned United States Magistrate Judge. (Doc. 54.) On September 6, 2016, this Court ordered a response from Respondent. On September 27, 2016, Respondent filed a Motion to Dismiss in lieu of a response (Doc. 60) and Petitioner filed a Response to Respondent's Motion to Dismiss. (Doc.

61.) The motion to dismiss was also referred to the undersigned. (Doc. 62.) These motions are therefore ready for Report and Recommendations without oral argument. *See* E.D. Mich. LR 7.1(f)(2).

### B. Background

On August 14, 2013, Petitioner was charged in a six-count Indictment with conspiracy to possess with intent to distribute and to distribute one kilogram or more of heroin (Count 1), use of a residence to use, store and distribute controlled substances (Count 2), and distribution of heroin (Counts 3-5) in violation of 21 U.S.C. 21 U.S.C. §§ 846 and 841(a)(1) and 856. (Doc. 3.) On May 29, 2014, Petitioner pleaded guilty to conspiracy to possess with intent to distribute and to distribute at least 100 grams but less than one kilogram of heroin. The indictment had charged a conspiracy to distribute a kilogram or more of heroin. (Doc. 28 at ID 63.) On June 2, 2014, Petitioner was sentenced to 200 months imprisonment. (Doc. 37 at ID 122.) Petitioner did not appeal but on November 17, 2015, counsel was appointed for Petitioner (Doc. 47) and Petitioner's sentence was reduced pursuant to 18 U.S.C. §3582(c)(2). (Doc. 49, 52.)

### C. Analysis and Conclusion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), established a one-year statute of limitations on 2255 petitions, which begins to run on the latest of four possible dates. 28 U.S.C. § 2255(f). It usually runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). When a 2255 petitioner does not file an appeal, the judgment of conviction is final when the time for filing a notice of appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002).

According to Federal Rule of Appellate Procedure 4(b)(1), a defendant has fourteen days from the entry of judgment to file a notice of appeal. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013.) When a petitioner appeals to the Sixth Circuit, the appeal is dismissed, and there is no evidence that the petitioner sought a writ of certiorari to the United States Supreme Court, "§ 2255's one-year limitation period begins to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003). Where there is no evidence that a writ of certiorari was pursued, the limitation period becomes one year after the time for seeking certiorari expired, i.e., one year and 69 days after the appeals court issued its mandate or one year and 90 days after the court of appeals entered its judgment. *Id.*

The one-year period can also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

In the instant case, the judgment was filed on June 2, 2014. Therefore, Petitioner should have filed any motion to vacate by June 16, 2015. Since she did not file her motion to vacate until August 22, 2016, her motion is untimely and could be denied and dismissed for that reason alone.

Although it is not necessary to address Petitioner's argument since her motion is untimely, I note that Petitioner's argument is without merit. Petitioner contends that she is entitled to a minor role reduction in her sentence under Amendment 794 to the sentencing guidelines.(Doc. 50.) Amendment 794 was made effective November 1, 2015 under U.S.S.G. §3B1.2 and it directs reduction in the offense level based on the defendant's role in the offense:

3

"(a) if the defendant was a minimal participant in any criminal activity, decrease by 4 levels; (b) if the defendant was a minor participant in any criminal activity, decrease by 2 levels" and "in cases falling between (a) and (b), decrease by 3 levels." The amendment clarified that culpability is to be determined only by reference to co-conspirators and not to a "typical offender" and the guideline provides a non-exhaustive list of factors for the court to consider in determining whether to apply a mitigating role adjustment.

Although courts have applied the guideline retroactively on direct appeal, e.g., *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016), no case that the court is aware of has held that Amendment 794 applies retroactively on collateral review. Since this case is before the court on collateral review pursuant to a motion to vacate sentence, Amendment 794 provides no relief to petitioner. *Klosowski v. United States*, No. 12-cr-20458, 2016 WL 6696023, at *1 (E.D. Mich. Nov. 15, 2016)("Amendment 794 has not, however, been held to be retroactive on collateral appeal"); *Johnson v. United States*, No. 2:10-cr-185, 2016 WL 6084018, at *2 (S.D. Ohio Oct. 17, 2016)(*Quintero-Leyva* "did not hold that such [retroactive] relief [under Amendment 794] is available on collateral review, and other courts have concluded that it is not.").

For all these reasons, I recommend that Respondent's Motion to Dismiss (Doc. 60) be granted and the motion to vacate sentence (Doc. 50) be denied.

**III.   REVIEW**

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to

another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 31, 2017               S/ PATRICIA T. MORRIS
                                      Patricia T. Morris
                                      United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Ellen May Morgan #48889-039 at Alderson Federal Prison Camp, Inmate Mail/Parcels, Glen Ray Rd., Box A, Alderson, WV 24910.

Date: January 31, 2017                              By s/Kristen Castaneda
                                                          Case Manager