UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff - Respondent,        Case No. 13-cr-20464

v        Honorable Thomas L. Ludington

ELLEN MAY MORGAN,

        Defendant - Petitioner.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING GOVERNMENT'S MOTION TO DISMISS, AND
DENYING PETITIONER'S MOTION TO VACATE**

On August 14, 2013 an indictment issued charging Petitioner Ellen May Morgan with one count of conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. § 846 (Count 1), one count of using a residence to use, store, and distribute controlled substances in violation of 21 U.S.C. § 856(a)(1) (Count 2), and three counts of distributing heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), and 856 (counts 3-5). Petitioner ultimately pleaded guilty to a conspiracy to possess with intent to distribute and to distribute at least 100 grams but less than a kilogram of a mixture or substance containing heroin. *See* ECF No. 28. On May 29, 2014 Petitioner was sentenced to 200 months' imprisonment. Judgment was entered on June 2, 2014. *See* ECF No. 37.

Petitioner Morgan did not file an appeal. Over two years after her judgment became final, on August 22, 2016, Petitioner filed a motion to vacate her sentence under 28 U.S.C. § 2255, arguing that she was entitled to a minor role reduction in her sentence under Amendment 794 to the sentencing guidelines. *See* ECF No. 50. On September 27, 2016 the Government moved to dismiss Morgan's petition. *See* ECF No. 60. On January 19, 2017 Magistrate Judge

Patricia T. Morris issued her report recommending that the Government's motion to dismiss be granted.  *See* ECF No. 143.  The magistrate judge reasoned that Morgan's petition was untimely under § 2255(f), and, in the alternative, that Morgan was not entitled to relief because Amendment 794 had not been applied retroactively on collateral review.

Although the magistrate judge's report explicitly states that the parties to this action could object to and seek review of the recommendation within fourteen days of service of the report, neither party has filed any objections.  The election not to file objections to the magistrate judge's report releases the Court from its duty to independently review the record.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  The failure to file objections to the report and recommendation waives any further right to appeal.

The Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, a certificate of appealability is not warranted in this case.  The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation, ECF No. 63, is **ADOPTED**.

It is further **ORDERED** that the Government's motion to dismiss, ECF No. 60, is **GRANTED**.

It is further **ORDERED** that Petitioner Morgan's motion to vacate her sentence, ECF No. 50, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

- 3 -

                                                         s/Thomas L. Ludington  
                                                         THOMAS L. LUDINGTON  
                                                         United States District Judge

Dated: March 14, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 14, 2017.

                                      s/Michael A. Sian  
                                      MICHAEL A. SIAN, Case Manager