UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case. No. 13-cr-20464-02

v.                                         Honorable Thomas L. Ludington
                                           Magistrate Judge Patricia T. Morris

D-2, ELLEN MAY MORGAN,

        Defendant.
_____/

## ORDER DENYING MOTION FOR RECOMMENDATION OF RESIDENTIAL REENTRY CENTER PLACEMENT

On April 13, 2018, Ellen May Morgan moved for this Court to provide a recommendation that she be placed in a residential reentry center (RRC) for the final 12 months of her custodial sentence. 18 U.S.C. § 3624(c) provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

"Prior to 2008, the maximum amount of time available for pre-release residential reentry was six months. *Garza v. Davis*, 596 F.3d 1198, 1202 (10th Cir. 2010). The Second Chance Act of 2007 increased the maximum time available for pre-release RRC placement from six months to twelve months." *United States v. Holcomb*, 2018 WL 1896542, at *1 (D.N.M. Apr. 18, 2018) (citing See 18 U.S.C § 3624(c)(1)).

Under the Act, the BOP is required to conduct an individualized assessment of each inmate to determine when the inmate should be placed in an RRC, ensuring that the inmate's time in an RRC is "of sufficient duration to provide the greatest likelihood of successful

reintegration into the community." *Id.*; *Id.* at § 3624(c)(6)(B)-(C). The factors to be considered are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence—(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. *Id.* at §§ 3621(b), 3624(c)(6)(A).

Although the authority to determine placement in an RRC or hallway house rests solely with the BOP, some courts have nevertheless recognized that the sentencing court may issue a recommendation concerning RRC placement, even after the sentence has been imposed. *See, e.g.*, *United States v. Screven*, 2016 U.S. Dist. LEXIS 105534, *5 (S.D. Ohio August 10, 2016) (considering the five statutory factors, determining that defendant was a strong candidate for RRC placement, and recommending such a placement).

Here, Ms. Morgan indicates that she has taken a variety of classes while incarcerated, including personal finance, building blocks for self-confidence, and others. She has also maintained employment in the recycling program and recently enrolled in a Masonry Vocational Program. However, upon communicating with the probation department concerning Ms. Morgan, additional facts have come to light. Specifically, Ms. Morgan has received several disciplinary actions, the most recent of which took place approximately two months before she filed the instant motion. Based on the information from the probation department, there does not appear to be good cause to issue the requested recommendation.

Accordingly, it is **ORDERED** that the motion for a recommendation regarding length of RRC placement, ECF No. 70, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 27, 2018

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 27, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager