UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                     Case No. 13-20464-02
                                                     Honorable Thomas L. Ludington

ELLEN MAY MORGAN,

        Defendant.
_____/

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

Defendant Ellen May Morgan pleaded guilty to one count of conspiracy to possess with intent to distribute heroin. ECF No. 37. On June 2, 2014, she was sentenced to 200 months imprisonment. *Id.* On March 14, 2017, her motion to vacate her sentence was denied. ECF No. 65. On February 13, 2020, Defendant admitted guilt to violating terms of her supervised release and was sentenced to 25 months imprisonment. ECF No. 80.

On July 13, 2020 Defendant filed a motion for compassionate release. ECF No. 81. For the following reasons, her motion will be denied with prejudice.

**I.**

Defendant seeks a reduction of her sentence pursuant to 18 U.S.C. §3582(c)(1)(A) which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. §3582(c)(1)(A).

The statute provides three inquiries that must be addressed in resolving Defendant's motion for compassionate release. First, whether Defendant fully exhausted her administrative remedies with the BOP. Second, whether a sentence reduction is warranted in consideration of the factors set forth in 18 U.S.C. §3553. Finally, whether "extraordinary and compelling reasons warrant such a reduction" and whether the reduction is consistent with the applicable Sentencing Commission policy statements. Each inquiry will be addressed in turn.

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust their administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

Defendant included a copy of her request for release to home confinement due to COVID-19. ECF No. 81 at PageID.233. Under "disposition," the staff member wrote "We are currently reviewing at risk inmates, if you are eligible and meet established criteria, unit Team will contact you." *Id.* The document was signed on June 18, 2020. This document is sufficient to show that Defendant exhausted her administrative remedies. Therefore, the Court may determine whether Defendant is entitled to a sentence reduction.

**B.**

The next consideration is whether the sentence reduction is warranted under the factors of 18 U.S.C. §3553(a). They are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a).

Defendant's underlying offense is for conspiracy to possess to distribute heroin. Drug-related offenses are serious, and Defendant has only served about 25% of her 25-month sentence for her supervised release violation. Additionally, this was not her first drug-related offense. According to her Presentence Investigation Report, she has prior offenses for frequenting a drug house in 2000, possession of marijuana in 2007, use of a controlled substance in 2011, and three convictions for possession or use of a controlled substance in 2012.

A consideration of the §3553 factors indicates that Defendant is not entitled to a sentence reduction.

### C.

The next inquiry to be resolved in addressing Defendant's motion for compassionate release is whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgates the United State Sentencing Guidelines ("U.S.S.G."). The applicable policy statement is found in U.S.S.G. § 1B1.13 which provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. 1B1.13. Defendant's situation does not present extraordinary and compelling reasons for a sentence reduction. Additionally, she has not demonstrated that she is not a danger to the safety of others.

### 1.

The commentary of the policy statement provides additional guidance about which circumstances qualify as having extraordinary and compelling reasons. It provides in relevant part:

> [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.--

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is--
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.--
>
>> (i)   The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

Defendant argues that the "COVID-19 is rampant" and qualifies as a compelling and extraordinary circumstance. ECF No. 81. However, Defendant does not explain how her argument fits within U.S.S.G. § 1B1.13. Though COVID-19 could be considered compelling and

extraordinary in the context of a public health situation, Defendant has not explained how COVID-19 is compelling and extraordinary in the context of specific parameters of U.S.S.G. § 1B1.13.

Defendant's situation does not qualify as "compelling and extraordinary" under subsection (A) of the policy statement commentary. She represents that she suffers from "asthma and lung problems caused from severe pneumonia causing puss (empyema)." ECF No. 81 at PageID.230. However, she does not represent that her respiratory illnesses are terminal. She only seeks relief based on the possibility of contracting COVID-19. Nor does she allege that she suffers from a serious physical or medical condition or a serious functional or cognitive impairment that prevents him from providing self-care. She identifies COVID-19 as a health threat, but the U.S.S.G. policy statement does not provide relief based on potential health risks. Instead, a defendant must have an actual medical condition or a terminal illness.

Defendant's situation does not qualify as "compelling and extraordinary" under subsection (B) of the policy statement commentary because she is 50 years old. Additionally, she does not qualify under subsection (C) because she is not seeking release in order to care for a spouse or child without a caregiver. She argues that she will live with her mother who had a "stroke, triple bypass surgery and had an anyrysum [sic] removed from her stomach" and "will also be able to take care of my son." ECF No. 81 at PageID.231. However, the policy statement does not address care for parents. Additionally, Defendant's Presentence Investigation Report indicates that her parental rights have been terminated.

Defendant has not demonstrated that "compelling and extraordinary" circumstances exist meriting her compassionate release.

**2.**

The policy statement further directs the Court to consider the factors in 18 U.S.C. § 3142 in determining whether the defendant would not be a danger to others or the community. The § 3142 factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C.A. § 3142.

Consideration of the above factors support the conclusion that Defendant would be a danger to others and the community if released. According to her Presentence Investigation Report, her current offense is for conspiracy to possess with intent to distribute at least 100 grams but less than a kilogram of heroin. She has multiple previous convictions for drug possession and use. In addition, she was sentenced for a supervised release violation in February 2020 for using alcohol or controlled substances without a prescription, failing to truthfully answer questions from her probation officer, not regularly working at a lawful occupation, and frequenting a location where controlled substances are illegally sold or used.

- 8 -

Defendant's repeated criminal offenses and her recent supervised release violation demonstrate that she would be a danger to others and the community.

**II.**

Accordingly, Morgan's Motion for Compassionate Release, ECF No. 81, is **DENIED WITH PREJUDICE**.

Dated: August 14, 2020            s/Thomas L. Ludington
                                                                      THOMAS L. LUDINGTON
                                                                      United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to Ellen Morgan # 48889-039, FPC ALDERSON, FEDERAL PRISON CAMP, GLEN RAY RD. BOX A, ALDERSON, WV 24910 by first class U.S. mail on August 14, 2020.

                                        s/Kelly Winslow
                                        KELLY WINSLOW, Case Manager